UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| THERESA SHARP,<br><br>                  Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE COMPANY,<br><br>                  Defendant. | 4:26-CV-04030-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT |

On February 9, 2026, Plaintiff Theresa Sharp commenced this action against her insurance company, State Farm Mutual Automobile Company, alleging breach of contract and bad faith claims. Doc. 1. Following service on State Farm's registered agent, Sharp moved for Entry of Default when State Farm failed to answer the Complaint. Doc. 5. The Clerk of Court filed the Clerk's Entry of Default, Doc. 7, which was shortly followed by Sharp's Motion for Default Judgment, Doc. 8. The day after the Motion for Default Judgment, counsel for State Farm appeared in the case, Doc. 9, and soon filed a Motion to Set Aside Default, Doc. 11. For the reasons below, the Motion to Set Aside Default, Doc. 11, is granted, and the Motion for Default Judgment, Doc. 8, is denied.

## I.    Background

On October 1, 2023, Sharp was involved in an automobile accident where she alleges "Blaire Seitz illegally and negligently struck the vehicle in which Plaintiff was travelling." Doc. 1 ¶ 7. At the time of the accident, Sharp was insured under a State Farm automobile insurance

1

policy, which included underinsured motorist coverage subject to the stated limit of $100,000.00 per person. Id. ¶¶ 5–6. Sharp and Seitz settled for $30,000.00, and Sharp sought additional benefits from State Farm under her policy. Id. ¶¶ 10–14. On February 9, 2026, Sharp filed the instant Complaint, where she disputes the propriety of State Farm's handling of her claim following the accident and alleges breach of contract and bad faith claims. See generally id.

On or about February 17, 2026, State Farm retained Shane E. Eden of Davenport, Evans, Hurwitz & Smith LLP as defense counsel. Doc. 17 ¶ 2. Sharp and State Farm's counsel spoke on the phone and wrote to each other numerous times in early March 2026 about the case. Id. ¶¶ 3–7; Doc. 17-1; Doc. 17-2; Doc. 17-3; Doc. 17-4. In a letter dated March 4, 2026, counsel for Sharp, Michael Sharp,[1] wrote to Eden and noted: "Preliminarily, the lawsuit is out for service with the division of insurance. I suspect that we will have the service paperwork shortly. Assuming we cannot get this resolved, then I will make sure to get that sent over to you." Doc. 17-2 at 1.

On March 12, 2026, South Dakota Division of Insurance received service of the Summons and Complaint. Doc. 6-4. Michael Sharp wrote again to Eden on March 15, 2026, concerning the case and State Farm's direct communication with him, but he did not inform Eden that the Complaint had been served. See Doc. 17-5. On or about March 20, 2026, State Farm Claims Adjuster Clint Nichols received an email that the South Dakota Division of Insurance had been served with the Summons and Complaint in this case by the Hughes County Sheriff. Doc. 21 ¶ 5. Sawyer Jacobson, another State Farm claims specialist, was monitoring his inbox and notified their team manager, Gage Pearson, of the email. Id. ¶¶ 1, 6. However, because Eden and his firm had already been retained at the time of the Complaint's service, Pearson and Jacobson "were under

---

[1] This Court will refer to the Plaintiff, Theresa Sharp, as "Sharp," and her counsel, Michael Sharp, as "Michael Sharp" to avoid confusion.

the mistaken impression that further notification to State Farm's legal counsel of the service upon the Division of Insurance was not necessary," and therefore, they did not forward the email with notice of service to Eden. Id. ¶ 8.

On April 3, 2026, Sharp moved for Entry of Default Judgment, Doc. 5, and on April 6, 2026, the Clerk of Court filed Entry of Default, Doc. 7. As Eden was monitoring the case's docket on PACER, on April 10, 2026, he discovered both the Motion for Entry of Default and the Entry of Default. Doc. 17 ¶ 10. Eden emailed Michael Sharp the same day, writing that while he was aware that Sharp intended to commence litigation, Michael Sharp "indicated that if [their] attempts at pre-suit negotiations were unsuccessful, [Michael Sharp] would provide [Eden] with the Complaint and service paperwork," so Eden "was surprised to see that the Motion for Default had been filed." Doc. 22-4 at 1. As of the April 10 email, Eden could not confirm whether State Farm was properly served or why the default occurred and requested that Michael Sharp agree to set aside the default. Id. Michael Sharp, on behalf of his client, did not agree to set aside default.

State Farm moved to set aside default and to extend the time to file a brief in support of the motion to allow counsel to investigate what had occurred, and this Court granted State Farm until April 17 to file a brief in support of its motion. Docs. 11, 13. State Farm then filed an Answer to the Complaint, Doc. 14, and has now filed a brief requesting that this Court set aside default and detailing what occurred with the internal oversight concerning the need to send the notice of service to State Farm's counsel as well as declarations from Jacobson and Eden, Docs. 15, 16, 17.

## II.    Discussion

This Court will first address whether to grant State Farm's Motion to Set Aside Default. Doc. 11. State Farm moves to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c). Doc. 15 at 3–4. The court may set aside an entry of default for good cause. Fed.

3

R. Civ. P. 55(c); Johnson v. Leonard, 929 F.3d 569, 573 (8th Cir. 2019). "To determine whether good cause exists, this court considers the: (1) blameworthiness or culpability of the defaulting party; (2) existence of a meritorious defense; and (3) prejudice to the other party by setting aside default." Leonard, 929 F.3d at 573 (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)).

A defaulting party is considered blameworthy or culpable if the default was the result of "contumacious or intentional delay or disregard for deadlines and procedural rules." Johnson, 140 F.3d at 784. A "marginal failure" to meet pleading or other deadlines, on the other hand, will be excused, especially when there are meritorious defenses and an absence of prejudice. Id. Relief from the entry of default may be issued "when default was due to a mistake by counsel as to the applicable procedural rules . . . ; the illness of counsel, the client, or an employee; a clerical mistake, confusion, or a misunderstanding by counsel; or defendant's failure to receive service." Wright & Miller, Federal Practice and Procedure § 2696 (4th ed. 2026). Further, a motion to set aside entry of default may be granted if "the default was not the result of gross neglect or was not willful, that the nondefaulting party will not be substantially prejudiced by the reopening, and the party in default has a meritorious defense." Id.

This Court has reviewed the briefing, declarations, and exhibits submitted by both parties, as well as the Complaint and proposed Answer, which asserts multiple affirmative defenses. See Docs. 11, 14, 15, 16, 17, 18, 19, 20, 21, 22. The failure to answer appears to stem from a genuine mistake made by State Farm claims adjuster, Jacobson, and team manager, Pearson, combined with Eden's understandable impression that Michael Sharp would notify him when the Complaint had been served. See Doc. 21 ¶ 8. State Farm was not intentionally delaying or avoiding answering the Complaint—Eden was made aware of the mistake because, on his own initiative,

4

he was monitoring the case's docket for any developments after not hearing from Michael Sharp. Additionally, State Farm appears to have colorable and potentially meritorious defenses to Sharp's claims of breach of contract and bad faith related to State Farm's alleged mishandling of a claim related to Sharp's October 2023 accident. Finally, there appears to be little prejudice to Sharp from setting aside the default, especially given the short amount of time, here mere days, between the deadline for State Farm's answer, the entry of default, the motion for default judgment, and Eden's notice of appearance and subsequent filings. After all, prejudice to justify not setting aside default typically means a "concrete harm, like 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" See Leonard, 929 F.3d at 573 (quoting Johnson, 140 F.3d at 785). This Court is not persuaded by Sharp's arguments to the contrary. Because this Court is granting State Farm's Motion to Set Aside Default, Sharp's Motion for Entry of Default Judgment is denied.

As State Farm has answered the Complaint, this Court will issue an Order for a Discovery Report in a separate filing.

**III.    Conclusion**

For the foregoing reasons, it is hereby

ORDERED that Sharp's Motion for Entry of Default Judgment, Doc. 8, is denied.  It is further

ORDERED that State Farm's Motion to Set Aside Default, Doc. 11, is granted.  It is further

ORDERED that the Clerk's Entry of Default, Doc. 7, is set aside.

DATED this 15th day of June, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

6